1

**SO ORDERED.**

**SIGNED this 29th day of November, 2010.**



_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

Western District of Texas
El Paso Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Steven M. Sambrano | 08-31293-C |
| *Debtor* | Chapter 7 |
| Hartford Fire Ins. Co. | |
| *Plaintiff* | |
| v. | Adv. No. 09-3030-C |
| Steven M. Sambrano | |
| *Defendant* | |

## Memorandum Decision and Order on Motion to Exclude Witnesses and Evidence

Came on for consideration the foregoing matter. Defendant moves to exclude certain witnesses and evidence for failure to make appropriate disclosures under Rule 26. Plaintiff counters that it either made adequate disclosures, or that the failures were harmless, or that excluding evidence would be highly prejudicial.

For the reasons stated herein, the court grants the motion in part and denies the motion in part.

## Background

Hartford Fire Insurance Company (the "Plaintiff" or "Hartford") initiated this adversary proceeding against Steven M. Sambrano (the "Debtor" or "Defendant") on November 16, 2009. The complaint involves an objection to discharge under section 727 as well as a determination of dischargeability pursuant to section 523, based on the Debtor's conduct in connection with Hartford's issuance of various payment and performance bonds to the Debtor's construction company (SamCorp). Hartford alleges, generally, that the Debtor "as President and CEO of SamCorp, used bonded contract funds for purposes unrelated to the bonded contracts, and has otherwise transferred, removed, destroyed, mutilated, or concealed said funds with the intent to hinder, delay, or defraud the Surety [Hartford].  As a result, the Surety was caused to pay substantial amounts to certain subcontractors and suppliers on the Projects which but for the Debtor's defalcation and improper use of said trust funds would not have been necessary or required." (Compl., p. 4.)

On January 6, 2010 Hartford submitted its Rule 26 initial disclosures to Defendant. Hartford never amended or supplemented these initial disclosures. Hartford's initial disclosures did not include the disclosure of any experts, nor did it include the disclosure of three witnesses (Jason Rae, David Taylor and Stacey Moynihan) Hartford now intends to call at trial. Hartford's initial disclosures listed other individuals by name, and also generically listed "employees and agents of Hartford" as potential witnesses. Hartford's initial disclosures also failed to include a computation of

each category of damages claimed by Hartford; rather, Hartford simply listed its damages as "damages related to completion costs associated with the SamCorp projects, bond claims, litigation that ensued because of SamCorp's default and attorneys' fees and expenses."

On October 6, 2010, Hartford sent Defendant's counsel an e-mail with an attached witness and exhibit list, in anticipation of filing a joint pre-trial order. *See* Exhibits A & B to Hartford's Response. The witness list included Jason Rae and David Taylor, who were not specifically disclosed in Hartford's initial disclosures.

Defendant now contends that Hartford's newly disclosed witnesses should not be permitted to testify and that Hartford should not be permitted to introduce evidence of damages at trial. Defendant also contends that the exhibits listed on Hartford's Proposed Pre-Trial Order do not fall within the definition of the documents disclosed in Hartford's initial disclosures. The definition in the initial disclosures of those documents Hartford intended to use in support of its claims stated the following: "The historical case files relative to the projects SamCorp was working on at the time of the default in question. Such files are currently in the possession of the Surety."

Hartford responds to the Defendant's motion by alleging the following: 1) two of the three witnesses at issue (Jason Rae and David Taylor) were disclosed to the Defendant in an October 6 e-mail, and, in any event, they are both professionals retained by Hartford and thus are "agents" of Hartford as listed in the initial disclosures; 2) the third disputed witness (Stacey Moynihan) is an employee of Hartford and thus was also disclosed in Hartford's initial disclosures; 3) regarding the damages calculations, Hartford alleges that its initial disclosures adequately describe the

categories constituting Defendant's debt to Hartford, and furthermore, that the underlying documents have been available to Defendant ever since Hartford filed its proof of claim on April 21, 2009; 4) regarding the contested exhibits disclosed in Hartford's October 6, 2010 e-mail, Hartford alleges that they either did not exist or were not in Hartford's possession at the time of the initial disclosures; and in any event, Hartford supplemented its exhibit list almost one month before the docket call.  Finally, Hartford maintains that totally excluding its witnesses and exhibits is not the appropriate sanction in this case as it would effectively prevent a trial on the merits.

### Legal Authority

*A. Witnesses*

The Defendant seeks to exclude the testimony of Jason Rae (a forensic accountant retained by Hartford), David Taylor (a consultant retained by Hartford) and Stacey Moynihan (a Hartford employee) based on Hartford's failure to timely disclose these witnesses under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(a) provides that a party's initial disclosures must include a list of persons "likely to have discoverable information … that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i). The contested witnesses were not listed by name in Hartford's initial disclosures; the initial disclosures merely listed "employees and agents of Hartford" as persons likely to have discoverable information relevant to the case. *See* Def.'s Mot., Ex. 1. The plain language of the rule requires the disclosing party to list the names of these individuals. Furthermore, Hartford's initial disclosures did not identify the subject matter of any information held by the disclosed individuals. Thus, Hartford's initial disclosures did not comply with the requirements of Rule 26(a). *See*

*Erickson v. Ford Motor Co.*, 2007 U.S. Dist. LEXIS 97614, at *19 (D. Mont. Nov. 14, 2007) (finding that a party's initial disclosures did not comply with Rule 26(a)(1)(A) where the disclosures did not list the names of individuals and did not identify the subjects of the discoverable information).

Finally, Hartford had a duty to supplement its initial disclosures "in a timely manner if the party learn[ed] that in some material respect the disclosure or response [was] incomplete or incorrect, and if the additional or corrective information ha[d] not otherwise been made known to the other parties during the discovery process or in writing[.]" FED. R. CIV. P. 26(e). Discovery closed in this case on August 31, 2010. *See* Docket #12, Order Allowing Extension Of Discovery Deadline. Hartford did not provide any supplemental disclosures prior to the close of discovery. Hartford sent its witness list to Defendant's counsel on October 6, 2010, but that list included individuals not named in Hartford's initial disclosures (specifically, the list included Jason Rae and David Taylor as witnesses). Even if Hartford's witness list was timely disclosed under Rule 26(a)(3)(A) (which provides that witnesses must be disclosed at least 30 days before trial), this fact does not make up for Hartford's failure to comply with the initial disclosure requirements of Rule 26(a)(1)(A). S*ee Quesenberry, et al. v. Volvo Group North America, Inc.*, 267 F.R.D. 475, 479-80 (W.D. Va. 2010) (noting that despite plaintiffs' compliance with the 30 day witness disclosure requirement, "plaintiffs still had an obligation to disclose these individuals as persons likely to have discoverable information under Rule 26(a)(1)," and further stating that "[p]erformance of one of these rules cannot be substituted for the other because they serve different purposes"). If this court construes Hartford's witness list as a supplemental disclosure, such disclosure,

after discovery has been closed for over a month, is untimely. *See Ashman v. Solectron, Inc.*, 2010 U.S. Dist. LEXIS 80286, at *10 (N.D. Cal. Aug. 4, 2010) (stating that "[w]hether a supplemental disclosure is timely is determined not only by the circumstances under which the complaining party learned of the incomplete or incorrect disclosure but also by deadlines set by the trial court," and concluding that "any supplemental disclosure after the close of discovery would be untimely"); *Clark v. Wilkin*, 2008 U.S. Dist. LEXIS 45962, at *5 (D. Utah June 10, 2008) (finding that "[p]laintiffs' supplementation of the list of persons having discoverable information was untimely as the fact discovery deadline had already passed.").

Rule 26(e) does contain a safe-harbor clause. A party is not required to supplement its discovery if the additional or corrective information has "otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e); *see also Barker v. Bank One, N.A.*, 2005 U.S. Dist. LEXIS 19449, at *3 (N.D. Tex. Sept. 7, 2005) (finding that defendant was not required to supplement its discovery by identifying as witnesses individuals the plaintiff had deposed during discovery); 8 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. 3d § 2049.1 (West 2010) ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery."). Here, however, Defendant did not conduct any discovery and Hartford did not establish (or even contend) that Defendant was otherwise made aware of the contested witnesses.

Hartford's initial disclosures were inadequate, and Hartford failed to timely supplement those disclosures. Thus, the next inquiry must address the appropriate

sanction, if any, for Hartford's shortcomings. Rule 37(c) states, "[i]f a party fails to provides information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or his harmless." FED. R. CIV. P. 37(c)(1); *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 564 (5th Cir. 2004) ("Rule 37 provides that a party who fails to disclose information required by Rule 26(a) is not permitted to use the information as evidence at a trial 'unless such failure is harmless.'"); *Schoenmann Produce Co. v. BNSF Ry. Co.*, 2009 U.S. Dist. LEXIS 46259, at *13-14 (S.D. Tex. May 29, 2009) ("If a party fails to provide information or identify a witness as required by Rule 26(a), 'the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless.'"). Thus, Hartford may escape sanctions under Rule 37 if its failure to timely disclose its witnesses was harmless or substantially justified. But, the burden to prove harmlessness is on the non-disclosing party. *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010). A court's conclusion regarding whether a party's failure to comply with Rule 26(a) or (e) was harmless is a matter of discretion. *Primrose Operating Co.*, 382 F.3d at 563-64. Courts in the Fifth Circuit examine the following four factors when performing a Rule 37(c)(1) harmless error analysis: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice *by granting a continuance; and (4) the explanation for the party's failure to disclose.*" *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also EEOC v. Mazzanti*, 2009 U.S. Dist. LEXIS 35340, at *7-8 (N.D. Miss. Apr. 1, 2009)

(stating the factors as follows: "1) explanation, if any, for failure to name witness, 2) importance of witness' testimony, need for time to prepare to meet such testimony, and 3) possibility of continuance.").

Here, the contested witnesses are important to Hartford's case. Jason Rae and David Taylor were both specifically retained by Hartford in connection with this case. Regarding prejudice to Defendant, no unfair prejudice exists with respect to David Taylor. Defendant included David Taylor as a potential witness in his own Rule 26 initial disclosures, and so would not be prejudiced by Hartford also calling David Taylor as a witness. *See id.* at *8-9 (finding no prejudice to party seeking to exclude testimony for failure to disclose witnesses where the movant knew the individuals and the information each of them possessed); *Reimer v. Ctr. for Counseling & Health Res.*, 2008 U.S. Dist. LEXIS 116837, at *4-5 (W.D. Wash. July 17, 2008) (finding that defendants had not shown that they were prejudiced by plaintiff's failure to disclose certain witnesses because defendants "already knew the relationship of each of those individual [sic] to the disputed events, evidenced by their inclusion of all but one of those individuals in their own Rule 26 initial disclosures"); *Marcellino v. Fed. Express Corp.*, 2010 U.S. Dist. LEXIS 112038, at *10 (N.D. Ill. Oct. 20, 2010) (finding defendant's failure to provide complete Rule 26(a)(1) disclosures harmless where the plaintiff herself had indicated that she was "aware of the significance of [the proposed witnesses] in this case"). Defendant was aware of David Taylor's role and significance in this case. Given the importance of this witness to Hartford and the lack of prejudice to Defendant, a weighing of the factors points to the conclusion that Hartford's untimely disclosure of Mr. Taylor was harmless. Hartford should be permitted to call Mr. Taylor to testify at trial.

Regarding Jason Rae and Stacey Moynihan, however, Defendant could be prejudiced by permitting Hartford to call them at trial. Discovery has been closed in this case for over two months. Although one may argue that Defendant should have propounded discovery to obtain more specific disclosures in response to Hartford's inadequate designation of "employees and agents" as potential witnesses in its initial disclosures, Defendant's failure to do so should not excuse Hartford's non-compliance with Rule 26(a). *See Dayton Valley Investors, LLC v. Union Pacific Railroad Co.*, 2010 U.S. Dist. LEXIS 108232, at *13 (D. Nev. Sept. 24, 2010) (stating that "[t]he Court will not shift [defendant's] mandatory Rule 26(a) disclosure requirements onto [plaintiff]. Rule 26(a) serves as a 'functional equivalent of standing Request for Production under Rule 34.").  Furthermore, Hartford must have known soon after retaining Jason Rae (a forensic accountant) in or around November, 2009, that Hartford would call upon Mr. Rae to testify at trial. And the same goes for Stacey Moynihan, who is and has been a Hartford employee since this dispute arose. Hartford's failure to disclose Mr. Rae as a witness until almost a year later, after discovery had closed, is troubling. Hartford has yet to disclose Ms. Moynihan as a witness in writing. Considering that this adversary proceeding involves not only an objection to dischargeability, but an objection to discharge, it is important to ensure that the Defendant is not blindsided by Hartford's untimely disclosures.

Because discovery has closed Defendant is unable to depose these newly revealed witnesses, which strongly suggests that Defendant would be prejudiced by allowing them to testify at trial. With respect to Mr. Rae, however, Hartford already faces an uphill battle in calling him as a fact witness rather than an expert. Given the

evidentiary challenges Hartford will have to overcome already, allowing Hartford to call Mr. Rae as a witness is not likely to prejudice the Defendant. Regarding Ms. Moynihan, however, absent a re-opening of discovery, Defendant would be prejudiced by allowing her to testify at trial. *See Uniram Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2007 U.S. Dist. LEXIS 67862, at *7-8 (N.D. Cal. Sept. 5, 2007) (finding defendant had not shown that its failure to disclose witness was harmless where defendant had known the witness would be a key factual witness before discovery had closed, but did not disclose the witness until after discovery had closed); *CNH Capital Am., LLC v. Kramer*, 2008 U.S. Dist. LEXIS 25789, at *5-6 (N.D. Iowa Mar. 31, 2008) (finding plaintiff would be unfairly prejudiced if defendants were allowed to designate a previously undisclosed witness just 30 days before trial and granting plaintiff's motion to exclude the witness). Defendant did not anticipate that Hartford would call Ms. Moynihan. Defendant cannot adequately prepare for her testimony as discovery has closed.

Finally, with respect to the third factor listed above, neither party has asked for a continuance in this case, but neither party has claimed that a continuance would cause prejudicial delay either. Thus, this factor is not particularly relevant here. Regarding the fourth factor, Hartford has not provided any justification for its failure to disclose Mr. Rae and Ms. Moynihan before the end of the discovery period. After weighing the factors described above, Hartford's untimely disclosure of Mr. Rae, while not substantially justified, was nonetheless harmless. Mr. Rae should be permitted to testify at trial. Hartford's untimely disclosure of Ms. Moynihan, on the other hand, was neither substantially justified nor harmless. Her testimony should be excluded.

*B. Damages Calculations*

Hartford's initial Rule 26(a) disclosures did not contain a computation of each category of damages claimed by Hartford; rather, Hartford simply listed its damages as "damages related to completion costs associated with the SamCorp projects, bond claims, litigation that ensued because of SamCorp's default and attorneys' fees and expenses." This does not satisfy the requirements of Rule 26(a) initial disclosures. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (noting that "by its very terms, Rule 26(a) requires … a 'computation,' supported by documents."); *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279-80 (5th Cir. 2009) (noting that plaintiff's initial disclosures "failed to properly disclose the 'computations' for the various 'categories' of damages it now complain[ed] of" and affirming district court's decision to exclude new evidence on damages under Rule 37(c)). While Hartford's initial disclosure did not comply with Rule 26(a), Hartford did provide the Defendant with a detailed description of its damages when Hartford submitted its proof of claim on April 21, 2009—well before the close of discovery on August 31, 2010. The proof of claim lists anticipated losses of $8,480,397 in connection with SamCorp's default and Hartford's resulting obligations under the payment and performance bonds and $232,264.68 in attorneys' fees. *See* Claim No. 4. Documents supporting these amounts are attached to Hartford's proof of claim.

Hartford's proof of claim relieved Hartford of the duty to supplement its initial disclosures.  Rule 26(e) provides that a party must supplement or correct its discovery if such discovery is incomplete or incorrect, but only if "the additional or corrective information has not otherwise been made known to the other parties during the

discovery process or in writing[.]"   FED. R. CIV. P. 26(e)(1). Here, Hartford provided Defendant with the required categories and damages calculations in its April, 2009 proof of claim. This gave Defendant over a year to conduct discovery in connection with those damage calculations, but Defendant, for some reason, chose not to. "The basic purpose of Rule 26(e) has been held to be prevent [sic] a party from being prejudicially surprised by information presented at trial." Mazzanti, 2009 U.S. Dist. LEXIS 35340, at *7-8 (citing *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994)). Here, Defendant simply cannot claim surprise. Accordingly, Hartford will not be precluded from presenting its evidence on damages at trial.

Defendant objects to the damages claimed as not related to any affirmative harm caused by the Defendant. While this may be a legitimate issue at trial, it does not go to whether the evidence should be admitted in the first place. A dispute regarding the causation and damages elements of Hartford's cause of action is what the trial is for.

*C. Exhibits*

Hartford also disclosed for the first time on October 6, 2010, certain exhibits Hartford intends to use at trial. These exhibits include various records and financial statements of SamCorp as well as Defendant's tax returns showing his interest in certain corporate entities, including SamCorp. The documents listed do not fall within the definition of documents disclosed in Hartford's initial disclosures—i.e. "[t]he historical case files relative to the projects SamCorp was working on at the time of the default in question." Hartford defends its late disclosure by stating that the documents on its exhibit list were either not in existence or not in the possession of Hartford at the time of the initial disclosures. However, Rule 26(e) states that "[a] party who has made a

disclosure under Rule 26(a) … must supplement or correct its disclosure … if the party learns that in some material respect the disclosure … is incomplete or incorrect." FED. R. CIV. P. 26(e); *see also Brennan's, Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 375 (5th Cir. 2004) (stating that Rule 26(e) "imposes 'a duty to supplement or correct [a] disclosure or response to include information thereafter acquired.' The rule is properly invoked to bar evidence when a party fails to make a required supplemental disclosure."). Regarding the timing of this duty to supplement, Rule 26(e) simply states that a party must supplement "in a timely manner." And finally, as discussed above, Rule 37(c) provides that if a party fails to "provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

The issue here is whether Hartford complied with the "timely" requirement of Rule 26(e). The discovery deadline in this case was August 31, 2010 per the court's June 21, 2010 order allowing an extension of the discovery deadline [Docket No. 12]. Although the existence of a discovery deadline is relevant to the timeliness inquiry, Rule 26(e) "does not limit the time for supplementation of prior disclosures to the discovery period." D*ayton Valley Investors, LLC v. Union Pacific Railroad Co.*, 2010 U.S. Dist. LEXIS 108232, at *8 (D. Nev. Sept. 24, 2010). Thus, "[t]iming is better gauged in relation to the availability of the supplemental information." *Id.* at *9. At the hearing, counsel for Hartford did not state, specifically, when Hartford came into possession of each of the documents listed on Hartford's October 6, 2010 witness list. Nonetheless, with regard to the indemnity agreement executed by Defendant, as well as Defendant's tax returns,

Hartford should be permitted to introduce those into evidence at trial since those documents were produced by Defendant himself. *See Gayle Martz, Inc. v. Sherpa Pet Group, LLC,* 2009 U.S. Dist. LEXIS 80929, at *22 (S.D.N.Y. Sept. 2, 2009) (finding no prejudice to defendants from plaintiff's failure to supplement its discovery because "any such supplements would be derived entirely from discovery materials that defendants produced to [plaintiff]," and refusing to sanction plaintiff as a result).

Regarding the remaining documents (SamCorp bank statements, wire transfers and checks to and from SamCorp and Cabcrane, SamCorp credit agreements, corporate documents evidencing Defendant's interest in SamCorp and Cabcrane, SamCorp financial statements, and a bond loss spreadsheet), if Hartford has been in possession of these documents since before discovery closed, of if Hartford could have easily obtained the documents earlier, then Hartford's disclosure of them on October 6 was probably untimely. Furthermore, this late disclosure would not be substantially justified and would likely not be harmless considering Defendant has no ability to conduct discovery in response. *See Hollis v. Stephen Bruce & Assocs.*, 2008 U.S. Dist. LEXIS 78717, at *7-8 (W.D. Okla. Oct. 8, 2008) (excluding evidence for failure to timely supplement where documents were easy to obtain and failure to disclose before discovery cut-off was not harmless due to the fact that the information was central to the non-disclosing party's claims); *Boyer v. Home Depot U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 28992, at *8-10 (E.D. Mich. Mar. 26, 2010) (striking supplemental discovery responses that were submitted at the 11th hour but were based on records that had been in existence for years); *Whiteway v. FedEx Kinkos Ofice & Print Servs.*, 2010 U.S. Dist. LEXIS 56124, at *18-19 (N.D. Cal. May 17, 2010) (excluding evidence produced after

discovery cut-off date because plaintiff failed to provide substantial justification for failure to produce the evidence earlier, and because "allowing plaintiff to rely on these previously undisclosed emails after the close of discovery would unduly prejudice [defendant] in its attempt to defend against plaintiff's claims at trial, which [was] [then] only a month away").

On the other hand, courts have permitted evidence disclosed after the discovery deadline to be used where the other party has adequate time to prepare and would not suffer prejudice as a result. *See Tex. A&M Res. Found. v. Magna Transp., Inc.*, 338 F.3d at 402 (weighing the four harmlessness factors and concluding that the district had not abused its discretion by permitting certain evidence to be used at trial despite failure to disclose under Rule 26(a) because, "[a]lthough [the party seeking to use the evidence] failed to explain its failure to disclose, the prejudice to the adverse parties was negligible because the witness in support of whose testimony the [contested evidence] [was] offered had been designated properly as a witness before trial. Further, any prejudice was cured by the approximately one month during which [the opponent] was allowed to examine and respond to the contested evidence"); *Dunn v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 276 (E.D. Mich. 2009) (permitting defendant to use evidence despite defendant's failure to timely supplement its responses before discovery cut-off date because delay was harmless given that plaintiff still had six months before trial to adequately prepare itself).

All of the documents listed on Hartford's exhibit list related to the corporate affairs of SamCorp. Presumably Defendant, as president and CEO of SamCorp, is already familiar with these documents. It seems unlikely that he would be terribly prejudiced by

Hartford's use of them, considering he still has a couple months to prepare for trial. On the other hand, Hartford did not provide any justification for its failure to produce these documents earlier. On balance, the prejudice to Defendant is less than would be the prejudice to the Plaintiff. The documents should not be excluded.

### Conclusion and Order

For the foregoing reasons, the court rules that (A) Plaintiff will be permitted to call David Taylor and John Rae as fact witnesses only and not as expert witnesses, and Plaintiff is barred from calling Stacy Moynihan as a witness; (B) Plaintiff will be permitted to put on evidence of its damages; and (C) Plaintiff will be permitted to introduce exhibits disclosed for the first time on October 6, 2010, consisting of various records and financial statements of SamCorp, and Defendant's tax returns.

**# # #**